UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **07 CV 10718**
-------------------------------------------------------------------x
IHEANYI HENRY ENYIA,                                    **INDEX #:**

                                        Plaintiff,    **JUDGE KARAS**

        -against-                                      **COMPLAINT**


FRANCISCO F. RUEDA, D.O., GILBERT MEDINA, D.O.,        **PLAINTIFF DEMANDS A**
CHARLES FARA, D.O., EDMUND HARTNETT,                   **TRIAL BY JURY**
COMMISSIONER YONKERS POLICE DEPARTMENT,
CITY OF YONKERS POLICE DEPARTMENT and
THE CITY OF YONKERS,

                                        Defendants.
-------------------------------------------------------------------x

### INTRODUCTORY STATEMENT

1.    This is an action for damages sustained by a citizen of the United States

against officers of the Yonkers, New York, Police Department, who unlawfully arrested,

assaulted and harassed him, against the Commissioner of the Yonkers Police

Department as the supervisory officer responsible for the conduct of the defendants

and for his failure to take corrective action with respect to police personnel whose

vicious propensities were notorious, to assure proper training and supervision of the

personnel, or to implement meaningful procedures to discourage lawless official

conduct, and against the City of Yonkers as the employer of the police personnel, which

is sued as a person under 42 U.S.C. §1983.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

SHAPIRO, BEILLY,
ROSENBERG,
ARONOWITZ, LEVY
& FOX, LLP

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

United States.

3.      The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1343(3) and

(4) and 1331.

## PARTIES

4.      Plaintiff, Iheanyi Henry Enyia is a resident of Yonkers, New York and at all

times relevant to the allegations of this complaint was a resident of Westchester County

and a citizen of the United States.

5.      At all times relevant hereto, defendant Francisco F. Rueda, D.O., was a

detention officer employed by the Yonkers Police Department to perform duties in the

City of Yonkers and was assigned to the Yonkers City Jail.  At all relevant times, he was

acting in such capacity as the agent, servant and employee of defendant, The City of

Yonkers.  He is sued individually and in his official capacity.

6.      At all times relevant hereto, defendant Gilbert Medina, D.O., was a

detention officer employed by the Yonkers Police Department to perform duties in the

City of Yonkers and was assigned to the Yonkers City Jail.  At all relevant times, he was

acting in such capacity as the agent, servant and employee of defendant, The City of

Yonkers.  He is sued individually and in his official capacity.

7.      At all times relevant hereto, defendant Charles Fara, D.O., was a

detention officer employed by the Yonkers Police Department to perform duties in the

City of Yonkers and was assigned to the Yonkers City Jail.  At all relevant times, he was

SHAPIRO, BEILLY,
ROSENBERG,
ARONOWITZ, LEVY
& FOX, LLP

acting in such capacity as the agent, servant and employee of defendant, The City of Yonkers. He is sued individually and in his official capacity.

8.      At all times relevant hereto, Joseph Harnett was the duly appointed Commissioner of the of the Yonkers Police Department and as such he was the commanding officer of defendants, Francisco F. Reuda, D.O., Gilbert Medina, D.O. and Charles Fara, D.O., and was responsible for their training, supervision, and conduct. He was also responsible by law for enforcing the regulations of the Yonkers Police Department and for ensuring that police personnel including defendants, Francisco F. Reuda, D.O., Gilbert Medina, D.O. and Charles Fara, D.O., obeyed the laws of the State of New York and of the United States. At all relevant times, he was acting in such capacity as the agent, servant and employee of the defendant, The City of Yonkers. He is sued individually and in his official capacity.

9.      The defendant, The City of Yonkers is a municipal corporation within the State of New York, and at all relevant times, it employed defendants Francisco F. Reuda, D.O., Gilbert Medina, D.O., Charles Fara, D.O., and Joseph Harnett, Commissioner.

10.      At all times relevant hereto and in all their actions described herein, defendants Francisco F. Reuda, D.O., Gilbert Medina, D.O., and Charles Fara, D.O., were acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

11.      On or about February 10, 2007, at approximately 10 a.m., plaintiff, Iheanyi Henry Enyia was falsely and without just cause arrested and charged with domestic/family violence and placed in a cell at the City of Yonkers Police Department.

SHAPIRO, BEILLY,
ROSENBERG,
ARONOWITZ, LEVY
& FOX, LLP

12.    When presented to the Criminal Court of Yonkers on April 4, 2007, these charges were dismissed.

13.    On or about February 10, 2007, while in the custody of the Yonkers Police Department, at approximately 4:30 – 5:30 p.m., without provocation, or justification, plaintiff, Iheanyi Henry Enyia was repeatedly punched, pushed, kicked, beaten and otherwise physically and verbally abused (including the use of the "N" word) and seriously injured by the defendants, Francisco F. Reuda, D.O., Gilbert Medina, D.O., and Charles Fara, D.O.

14.    The foregoing acts by the defendants were willful and malicious, and were intended to frighten and shock the plaintiff, Iheanyi Henry Enyia and caused him serious physical, mental and emotional harm.

15.    As a result of the foregoing, plaintiff, Iheanyi Henry Enyia, sustained injuries of his body and mind, endured severe emotional and mental suffering, distress and aggravation and was otherwise injured.  The injuries sustained by reason of the foregoing acts of the defendants were serious and permanent injuries.

16.    The conduct of the plaintiff, Iheanyi Henry Enyia, in no way provoked or contributed to the defendants' aforedescribed conduct.

17.    By reason of the defendants' foregoing willful, wanton and malicious conduct, the plaintiff, Iheanyi Henry Enyia, was caused to sustain damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

18.    On information and belief, the abuse to which plaintiff, Iheanyi Henry Enyia was subjected was consistent with an institutionalized practice of the City of

SHAPIRO, BEILLY,
ROSENBERG,
ARONOWITZ, LEVY
& FOX, LLP

Yonkers Police Department which was known to and ratified by defendant, the City of

Yonkers, the defendants having at no time taken any effective action to prevent

Detention personnel from continuing to engage in such misconduct.

19.    On information and belief, defendants, Joseph Harnett, Commissioner,

The City of  Yonkers Police Department and the City of Yonkers, had prior notice of the

vicious propensities of defendants, Francisco F. Reuda, D.O., Gilbert Medina, D.O., and

Charles Fara, D.O., but took no steps to train them,  correct their abuse of authority, or

to discourage their unlawful use of authority.  The failure to properly train defendants,

Francisco F. Reuda, D.O., Gilbert Medina, D.O., and Charles Fara, D.O., included the

failure to instruct them in applicable provisions of the New York State Penal law and

with proper and prudent use of force.

20.    On information and belief, defendants, Joseph Harnett, Commissioner,

The City of Yonkers Police Department and the City of Yonkers, authorized, tolerated as

institutionalized practices, and ratified the misconduct hereinbefore detailed by:

(a)    Failing to properly discipline, restrict and control employees,
including defendants, Francisco F. Reuda, D.O., Gilbert Medina,
D.O., and Charles Fara, D.O., known to be irresponsible in
their dealings with citizens of the community;

(b)    Failing to take adequate precautions in the hiring, promotion and
retention of detention personnel, including specifically defendants,
Francisco F. Reuda, D.O., Gilbert Medina, D.O., and Charles Fara,
D.O.;

(c)    Failing to forward to the office of the District Attorney of
Westchester County evidence of criminal acts committed by police
personnel;

(d)    Failing to establish and/or assure the functioning of a *bona fide* and
meaningful departmental system for dealing with complaints of
police misconduct, but instead responding to such complaints with

SHAPIRO, BEILLY,
ROSENBERG,
ARONOWITZ, LEVY
& FOX, LLP

bureaucratic power and official denials calculated to mislead the public. This conduct also constitutes gross negligence under state law.

21.    As a consequence of the abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FEDERAL CAUSES OF ACTION

22.    The allegations set forth in paragraphs 1 through 21 are incorporated herein by reference.

23.    The hereinabove described actions and omissions, engaged in under color of state authority by the defendants, including defendant City of Yonkers, sued as a person, responsible because of its authorization, condonation, and ratification thereof for the acts of its agents, deprived the plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his first amendment right to freedom of expression, his fourth amendment right to be free from unlawful seizure of his person, his fifth and fourteenth amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his eighth amendment right to be free from cruel and unusual punishment.

## PENDENT CAUSES OF ACTION

24.    The allegations set forth in paragraphs 1 through 23 are repeated and realleged.

25.    Heretofore and on or about the 29th day of March, 2007, the plaintiff caused a written verified Notice of Claim to be filed with and served upon the proper officers, agents and employees of the defendant, City of Yonkers, to the statutes in

SHAPIRO, BEILLY,
ROSENBERG,
ARONOWITZ, LEVY
& FOX, LLP

such cases made and provided.  A copy of the Notice is annexed hereto as Exhibit A and made a part hereof.

26.    That more than 30 days have elapsed since the service of such Notice of Claim, and adjustment or payment thereof has been neglected or refused.

27.    The acts and conduct hereinbefore alleged constitute false arrest, assault and battery, malicious prosecution, abuse of process, prima facie tort, conspiracy tort, negligence, and gross negligence under the laws of the State of New York.  This Court has pendent jurisdiction to hear and adjudicate these claims.

**WHEREFORE,** plaintiff, **IHEANYI HENRY ENYIA,** demands the following relief jointly and severally, against all the defendants:

A.    Compensatory damages in the amount of $1,000,000.00 (One Million Dollars);

B.    Punitive damages in the amount of $2,000,000.00 (Two Million Dollars);

C.    Attorney's fees pursuant to 42 U.S.C. §1988;

D.    Such other and further relief as this Court may deem appropriate under the circumstances.

BY: _____
LEWIS ROSENBERG (5793)
SHAPIRO, BEILLY, ROSENBERG,
& ARONOWITZ, LLP
Attorneys for Plaintiff
IHEANYI HENRY ENYIA
Offices & P.O. Address
225 Broadway - 13th Floor
New York, NY  10007-3088
(212) 267-9020
File #:  S-19350