Frank J. Rubino
Corporation Counsel of the City of Yonkers
City Hall, Room 300
Yonkers, New York 10701
914-377-6256
By: Rory McCormick
Associate Corporation Counsel (RM 3994)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
IHEANYI HENRY ENYIA,

                                Plaintiff,                         ANSWER

    -against-
                                                                     07 CIV 10718 (KMK)

FRANCISCO F. RUEDA, D.O., GILBERT
MEDINA, D.O., CHARLES FARA, D.O., EDMUND
HARTNETT, COMMISSIONER YONKERS POLICE
DEPARTMENT, CITY OF YONKERS POLICE
DEPARTMENT and THE CITY OF YONKERS.

                                Defendants.
------------------------------------------------------------------------X

        Defendants, FRANCISCO R. RUEDA, D.O., GILBERT MEDINA, D.O., CHARLES FARA, D.O., EDMUND HARTNETT, COMMISSIONER YONKERS POLICE DEPARTMENT, CITY OF YONKERS POLICE DEPARTMENT and THE CITY OF YONKERS, by their attorney Frank J. Rubino, Corporation Counsel of the City of Yonkers, as and for its Answer to the Complaint respectfully allege as follows:

        FIRST: Deny the allegations set forth in paragraphs "1", "2" and "3" of the Complaint; except those portions containing conclusions of law which accordingly require no response; and except admit that Plaintiff purports to proceed as stated therein.

SECOND: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraphs designated "4" and "12" of the Complaint.

THIRD: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "5" of the Complaint; except those conclusions of law which accordingly require no response; and except admit that Francisco F. Rueda is employed as a detention officer by the City of Yonkers.

FOURTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "6" of the Complaint; except those conclusions of law which accordingly require no response; and except admit that Gilbert Medina is employed as a detention officer by the City of Yonkers.

FIFTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "7" of the Complaint; except admit that Charles Fara is employed as a police officer by the City of Yonkers.

SIXTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "8" of the Complaint; except those conclusions of law which accordingly require no response; except admit that Edmund Hartnett is the Commissioner of the Yonkers Police Department.

SEVENTH: Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "10" of the Complaint and respectfully refers all questions of law to the Court.

EIGHTH: Denies upon information and belief, each and every allegation set forth in paragraph designated "11", "13", "14", "15", "16", "17", "18", "19", "20a", "20b",

"20c", "20d" and "21" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE FEDERAL CAUSES OF ACTION

NINTH:  Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "22" of the Complaint with the same force and effect as though fully set forth herein at length.

TENTH:  Denies upon information and belief, each and every allegation set forth in paragraph designated "23" of the Complaint and respectfully refers all questions of law to the Court.

## ANSWERING THE PENDENT CAUSES OF ACTION

ELEVENTH:  Defendants repeat and reiterate each and every admission and denial heretofore interposed with respect to the paragraph re-alleged in the paragraph designated "24" of the Complaint with the same force and effect as though fully set forth herein at length.

TWELFTH:  Denies knowledge or information sufficient to form a belief as to the truth of any of the allegations set forth in the paragraph designated "25" of the Complaint; except admit that a paper writing purporting to be a Notice of Claim was received in the Office of the Corporation Counsel of the City of Yonkers.

THIRTEENTH:  Denies upon information and belief, each and every allegation set forth in paragraph designated "27" of the Complaint and respectfully refers all questions of law to the Court.

FOURTEENTH: Denies all allegations in the "Wherefore" portion of the Complaint, except those conclusions of law which accordingly require no response; and except admits that Plaintiff purports to proceed as stated therein.

### AS AND FOR A FIRST DEFENSE:

FIFTEENTH: That Plaintiff's arrest and prosecution were not effectuated falsely, maliciously or without probable cause. On the contrary, there was reasonable and just cause for believing the Plaintiff guilty of a criminal act and in arresting and prosecuting the Plaintiff, the Defendant, City of Yonkers, was not actuated by malice nor were any of its agents, servants and/or employees so actuated.

### AS AND FOR A SECOND DEFENSE:

SIXTEENTH: That if any physical force was used during the course of Plaintiff's arrest and/or incarceration, only such physical force was used to the extent it was reasonably believed to be necessary to effect the arrest of the Plaintiff.

### AS AND FOR A THIRD DEFENSE:

SEVENTEENTH: Defendants actions were in good faith and for good cause including, but not limited to, legitimate, rational and appropriate governmental interests.

### AS AND FOR A FOURTH DEFENSE:

EIGHTEENTH: At all times relevant to the Complaint, Defendants have been in compliance with all requirements under the laws cited by the Complaint.

### AS AND FOR A FIFTH DEFENSE:

NINETEENTH: Defendant City of Yonkers Police Department is improperly sued in this action when the Police Department is merely a department of the City of Yonkers.

Dated: January 4, 2008
      Yonkers, New York

                                      Frank J. Rubino
                                      Corporation Counsel of the City of Yonkers
                                      City Hall, Room 300
                                      Yonkers, New York 10701
                                      914-377-6256

                                      _____
                                      By: Rory McCormick
                                      Associate Corporation Counsel (RM 3994)

## CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008 I caused a true and correct copy of the foregoing Defendants' Answer to be served by mail upon:

> Shapiro, Beilly, Rosenberg & Aronowitz, LLP
> Attorney for Plaintiff
> 225 Broadway – 13th Floor
> New York, New York 10007-3088

Dated: Yonkers, New York
       January 4, 2008

                                                Rory McCormick, Esq.